FILED
2020 Jul-01 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TEVIN KYLE DAWKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:19-cv-08047-LSC |
| | ) | (7:16-cr-00440-LSC-SGC-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

This is a motion to vacate, set aside, or otherwise correct a sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"), placed in the prison mail system by Petitioner Tevin Kyle Dawkins ("Dawkins") on November 5, 2019. (Doc. 1.) The Government has responded in opposition to his motion. (Doc. 4.) Dawkins then filed a response to the Government's motion in opposition in further support of his claims. (Doc. 7.) For the reasons set forth below, the § 2255 motion is due to be denied and this action dismissed.

1

**II.     Background**

On May 26, 2017, Dawkins pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 3, 2017, Dawkins was sentenced by this Court to a term of imprisonment of 108 months. During the sentencing hearing on October 3, 2017, this Court informed Dawkins that the elements of his offense were that he knowingly possessed a firearm in or affecting interstate commerce and, at the time of possession, he had been convicted of a crime punishable by more than a year of prison. (Doc. 30 at 8 in *United States v. Dawkins*, 7:16-cr-00440-LSC-SGC-1.) Dawkins was not told that he had to know of his felon status at the time of the offense. (*Id.*)

Dawkins agreed to the following factual basis for the offense at his sentencing hearing. Dawkins was pulled over for speeding and the officer smelled marijuana from the car. (*Id.* at 11-12.) During the stop, Dawkins made furtive gestures by the passenger seat and the console and the officer ordered him to exit the car and lie on the ground. (*Id.* at 12.) While on the ground, Dawkins reached under the driver's seat until he was told to stop. (*Id.*) A search of the car later recovered a Smith and Wesson 9mm pistol, a mason jar suspected to contain marijuana, and drug scales, while Dawkins had on his person a pill bottle with small bags of marijuana inside. (*Id.*) At the time, Dawkins had two prior Alabama felony

convictions for unlawful possession of marijuana, first-degree. (*Id.* at 13; Doc. 20 ¶¶ 26-27 in *United States v. Dawkins*, 7:16-cr-00440-LSC-SGC-1.) Judgment was entered on October 4, 2017.

On October 17, 2017, Dawkins filed a notice of appeal. On appeal, Dawkins raised one issue: whether his sentence was substantively reasonable. On August 8, 2018, the Eleventh Circuit affirmed his conviction and sentence. (Doc. 33 in *United States v. Dawkins*, 7:16-cr-00440-LSC-SGC-1.) On November 5, 2019, Dawkins placed in the prison mail system his first § 2255 motion, which was entered by the clerk on November 12, 2019.

**III.   Discussion**

Dawkins alleges ineffective assistance of counsel "for failing to object to erroneous instruction on what [the] government must prove" based on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Moreover, the bulk of Dawkins's argument is that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) should be vacated due to *Rehaif*. Specifically, he argues that: (1) the government did not show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it; and (2) his guilty plea was not knowing and voluntary because it failed to state both elements mentioned in (1).

**A.     Ineffective Assistance of Counsel**

Dawkins contends that his counsel provided ineffective assistance because he did not raise a *Rehaif* objection to the indictment or during the plea proceedings. Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and therefore are not subject to the procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 583 U.S. 500, 504 (2003). To prevail on a claim of ineffective assistance of counsel, one must show that (1) "counsel's performance was deficient," i.e., it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Dawkins claim of ineffective assistance of counsel is without merit because he cannot show deficient performance.

The law at the time of Dawkins's criminal and direct-appellate proceedings made clear that a defendant's knowledge of felon status was not an element. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that knowledge of felon status was not an element of a Section 922(g)(1) offense), *abrogated by Rehaif*. And although *Rehaif* changed that, "[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." *Spaziano v. Singletary*, 36 F.3d

1028, 1039 (11th Cir. 1994) (citation and internal quotation marks omitted) (alterations in original). Thus, Dawkins did not suffer ineffective assistance of counsel.

**B.     *Rehaif* Claim is Procedurally Defaulted**

Dawkins did not raise his *Rehaif* claim before the Eleventh Circuit. "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004) (citation omitted). In *Rehaif*, the United States Supreme Court held that, in prosecutions pursuant to 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019).

To overcome the default, Dawkins must show both "cause" for the default and "actual prejudice" from the asserted *Rehaif* error, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). Here, Dawkins has made neither showing. The Supreme Court has recognized cause "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel," *Reed v. Ross*, 468 U.S. 1, 16 (1984), but that exception cannot apply here. While, as discussed above, the Eleventh Circuit held that knowledge of

felon status was not an element of the offense, defendants in the Eleventh Circuit and elsewhere had raised similar arguments before the Supreme Court's decision in *Rehaif*. *See United States v. Rehaif*, 868 F.3d 907 (11th Cir. 2017) (defendant argued that knowledge of immigration status was required under Section 922(g)(5)(A)); *United States v. Games-Perez,* 667 F.3d 1136, 1142 (10th Cir. 2012) (defendant argued that knowledge of felon status was required under Section 922(g)(1) despite prior precedent). *Cf. Bousley v United States*, 523 U.S. 614, 622 (1998) (rejecting petitioner's argument that it was "novel" to claim that an earlier version of Section 924(c)(1)(A) did not criminalize simple possession of a firearm in furtherance of a crime of violence or drug trafficking crime). "[F]utility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time," *id.* at 623, with only a narrow carve-out for a hypothetical "claim that 'is so novel that its legal basis is not reasonably available to counsel,'" *id.* at 622-23 (quoting *Reed*, 468 U.S. at 16). And as shown above, Dawkins cannot establish prejudice.

Dawkins cannot demonstrate cause, and thus, he must show that he is "actually innocent." But Dawkins cannot make that showing either. As the Supreme Court stated in *Bousley*, "'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623. Dawkins cannot credibly claim that he is

6

factually innocent. As discussed above, at the time of his offense, he had already been sentenced twice to custodial sentences exceeding a year and served more than a year in custody. (Doc. 20 ¶¶ 26-27 in *United States v. Dawkins*, 7:16-cr-00440-LSC-SGC-1.)

## VI.   Conclusion

For the foregoing reasons, Dawkins's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Dawkins's claims do not satisfy either standard.

**DONE** and **ORDERED** on July 1, 2020.

                                                L. Scott Coogler
                                    United States District Judge

201416